# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND DOYLE SMOTHERMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 15-03431-CV-S-DGK |
| | ) | Crim No. 12-03111-01-CR-S-DGK |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This case arises out of Movant Raymond Doyle Smotherman's ("Movant" or "Smotherman") conviction and 300-month prison sentence for possession of a firearm in furtherance of a drug trafficking offense and possession of methamphetamine with the intent to distribute. Pending before the Court is Movant's Motion Under § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Civ. Doc. 1).[1] For the reasons set forth below, the motion is DENIED without an evidentiary hearing and the Court shall not issue a certificate of appealability.

## Background[2]

On January 22, 2013, Smotherman was charged by way of superseding indictment with: possession of firearms by a felon (Count I), possession with intent to distribute methamphetamine (Count II), possession of firearms in furtherance of a drug trafficking offense (Count III), possession of a stolen firearm (Count IV), possession with intent to distribute 50 or

---

[1] Throughout this opinion, references to civil case documents will be "Civ. Doc. __" while references to criminal case documents will be "Crim. Doc. __."

[2] The facts in this section derive from: (1) the criminal case record, and (2) the allegations in Smotherman's motion, taken as true except where they contradict the record.

Case 6:15-cv-03431-DGK   Document 10   Filed 08/25/16   Page 1 of 7

more grams of methamphetamine (Count V), and two allegations of criminal forfeiture (Crim. Doc. 17).

On February 12, 2013, the Government filed a notice outlining two previous felony narcotics convictions pursuant to 21 U.S.C. § 851(a) ("the Section 851 information") (Crim. Doc. 21). The felonies at issue were an April 10, 2000, conviction for conspiracy to manufacture and distribute methamphetamine and an August 4, 1994, conviction for sale of a controlled substance. These convictions, in conjunction with his charge for possession with intent to distribute 50 or more grams of methamphetamine, subjected Movant to the possibility of a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A).

On July 3, 2013, Smotherman appeared before United States Magistrate Judge James C. England and pled guilty to Counts III and V, and Forfeiture Allegations I and II, pursuant to a written, binding plea agreement. Plea Agrmnt. (Crim. Doc. 54). Paragraph 2 of the plea agreement is titled "Factual Basis for Guilty Plea" and states in relevant part:

> SA Kathleen Aug also determined that the defendant had four prior felony convictions for the following: . . .
>
> 2. Sale of a Controlled Substance from the 37th Circuit Court of Shannon County, State of Missouri, Case Number CR893-197F, and a conviction date on or about August 4, 1994; . . .
>
> 4. Conspiracy to Manufacture and Distribute Methamphetamine from the United State[s] District Court, Western District of Missouri, Case Number 00-03008-02-CR-S-1, and a conviction date on or about April 10, 2000.

Plea Agrmnt. ¶ 2. During the plea colloquy, Smotherman conceded that the facts contained in Paragraph 2 of the plea agreement were true. Plea Tr. at 8 (Crim. Doc. 55). The agreement indicates that the Government ultimately sought a sentencing enhancement for only one of the prior felony drug convictions for which the Government filed a Section 851(a) notice. Plea

2

Agrmnt. ¶ 4.  This had the effect of reducing Smotherman's statutory minimum sentence from life imprisonment to 20 years for Count V under 21 U.S.C. § 841(b)(1)(A).

On July 25, 2013, United States District Judge Catherine D. Perry, sitting by designation, accepted Smotherman's guilty plea.  This Court subsequently sentenced Smotherman to a total of 300 months' imprisonment and a total of 10 years' supervised release (Crim. Doc. 66).

Now before the Court is Smotherman's Motion Under § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Civ. Doc. 1).  In each of his two arguments in support of this motion, Smotherman contends his counsel was ineffective.

### Standard

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).  Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006).  Counsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).  In the context of guilty pleas, the second "prejudice" requirement of the test for ineffective assistance of counsel is satisfied where the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

3

Generally, the court must hold an evidentiary hearing on a § 2255 ineffective assistance claim if the underlying facts are disputed. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). "An evidentiary hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Id.* The court may find this conclusive showing if either: (1) the movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id.* at 1206-07.

**Discussion**

Movant contends his counsel was ineffective in failing to: (1) object to the Court's failure to follow the procedures imposed by 21 U.S.C. § 851, and (2) adequately negotiate with the Government and inform Movant of his plea negotiation options.[3]

**I.** **Counsel was not ineffective in failing to object to the Court's failure to follow the procedures outlined in 21 U.S.C. § 851(b).**

Movant first contends that counsel was ineffective for failing to object during sentencing to the Court's failure to comply with 21 U.S.C. § 851(b), which resulted in the Court using an inappropriate conviction as the basis for the enhancement.

Where the United States Attorney has filed an information under 21 U.S.C. § 851, the court "shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a

---

[3] In his original motion, Movant argues that his counsel was ineffective in failing to inform him that the plea agreement and the Rule 11(c)(1)(C) provision contained an erroneous mandatory minimum applicable to him as a consequence of his plea of guilty to Count V (Civ. Doc. 1). Movant subsequently withdrew this argument (Civ. Doc. 5), and it will not be addressed.

4

prior conviction which is not made before the sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). The Government concedes, and the Sentencing Transcript (Crim. Doc. 70) confirms, that the Court did not engage in the procedure required by Section 851(b).

However, subsection 851(e) provides that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." "A district court is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction[s] forming the basis of the enhancement information." *United States v. Flores*, 5 F.3d 1070, 1082 (7th Cir. 1993) (internal quotations omitted).

Here, the Government filed the information on February 12, 2013 (Crim. Doc. 21). Movant's prior convictions were from 1994 and 2000, nineteen and thirteen years before the date of the information alleging these prior convictions (*Id.* ¶¶ 1-2). During his plea colloquy, Smotherman conceded the validity of these convictions. Plea Tr. 8 (Crim. Doc. 55).

Given the age of these convictions, the Court was not required to adhere to the rituals of § 851(b). And, even when given the opportunity to challenge the convictions, Smotherman admitted their validity under oath at the change-of-plea hearing. Because any objection on these grounds would have been meritless and Smotherman has failed to show he was prejudiced in any way, counsel's failure to object does not constitute ineffective assistance of counsel. Smotherman's motion for relief on this ground is denied. Further, because Smotherman's allegations, accepted as true, do not entitle him to relief, an evidentiary hearing on this ground is denied.

5

## II.  Counsel's failure to negotiate complete withdrawal of the Section 851 information did not constitute ineffective assistance.

Smotherman next asserts that his counsel was ineffective for failing to negotiate the withdrawal of the Section 851 information in exchange for his guilty plea.  He further asserts that, had he known of this failure, he would not have entered into the plea agreement.  Pet'r's Br. 16 (Civ. Doc. 5).  Smotherman does not assert that he would have insisted on going to trial.

To prevail on this claim, Smotherman must show that, if not for counsel's failure to negotiate withdrawal of the Section 851 information, "he would not have pleaded guilty [but] would have insisted on going to trial."  *Hill*, 474 U.S. at 58-59.  However, a claim that defendant would have negotiated a different plea agreement for himself than the one he accepted is not sufficient to show prejudice.  *See Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006).  "Where a defendant has pled guilty, courts have rejected claims that defense counsel was ineffective for failing to secure a more favorable plea agreement."  *Estabrook v. United States*, No. 4:12-cv-050, 2012 WL 4981147, at *2 (D.N.D. Oct. 17, 2012) (collecting cases).

Smotherman does not contend that he would have insisted on going to trial had he known about counsel's failure to seek full withdrawal of the Section 851 information.  He only indicates he would have preferred a more favorable agreement, and counsel was ineffective in negotiating such an agreement.[4]  While complete withdrawal of the Section 851 information would have reduced Smotherman's mandatory minimum to 10 years and certainly been ideal for him, counsel was not ineffective for failing to secure this outcome.

---

[4] The record indicates that counsel engaged in negotiations with the government regarding the Section 851 information: the information contained two prior felony drug convictions—which would qualify Smotherman for a mandatory life sentence without release—while the plea agreement contained only one of those charges, qualifying Smotherman for the lesser mandatory minimum of 20 years under 21 U.S.C. § 841(b)(1)(A).  *See* Brief for Appellant at 8, *Smotherman*, 563 F. App'x 523 (No. 13-3611) (stating that "the plea agreement that was offered and ultimately signed by defendant was a compromise between he and the United States Government to receive 25 years instead of life in prison").

6

Accordingly, Smotherman has not illustrated that he was prejudiced by counsel's failure to have the Government withdraw the Section 851 information. The Court rejects Smotherman's argument that counsel was ineffective for failing to secure a more favorable plea agreement, and Smotherman's motion is DENIED on this ground. Because the record refutes Smotherman's allegations that counsel was ineffective, an evidentiary hearing on this point is denied.

### III.    A certificate of appealability shall not issue on any ground.

Because the Court will enter a final order adverse to Smotherman, it must grant or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). The Court holds that no reasonable jurist would grant any part of this motion, and denies certificates of appealability accordingly.

### Conclusion

For the reasons above, Smotherman's Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED.

**IT IS SO ORDERED.**

Date:  August 25, 2016                                  /s/ Greg Kays
                                                       GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT

7